# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL CLAY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> WILLIAM TRUE, ) <br> ) <br> Respondent. ) <br> ) | Case No. 19-cv-1241-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Nathaniel Clay, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at United States Penitentiary Marion (USP Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his guilty plea in *United States v. Clay*, 09-CR-50041 (N.D. Ill). Clay asserts that he faced an enhancement under 21 U.S.C. § 841(b)(1)(A) for two prior drug convictions in the state of Illinois that would no longer qualify as a felony drug offense justifying an enhanced sentence. Because he was improperly facing an enhancement, he unknowingly and involuntarily took a plea deal to avoid the enhancement. Clay relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016), as well as *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), and *Najera-Rodriguez v. Barr*, 926 F.3d 343 (7th Cir. 2019). He seeks to vacate his current sentence.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Clay's claim, the Court concludes that the Petition survives preliminary review

1

under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Clay is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent True shall answer or otherwise plead on or before **January 21, 2020**.[1] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Clay is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/23/2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.